IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT ANGEL HARO,                          Civ. No. 08-6306-AA

            Plaintiff,                      OPINION AND ORDER

      v.

SHILO INN, BEND LLC, dba SHILO
INN, BEND, SHILO MANAGEMENT
CORPORATION, SHILO RESTAURANT
CORPORATIONS, DESCHUTES
RESTAURANT, LLC dba DESCHUTES
RIVER GRILL AND PIZZA,
DESCHUTES RESTAURANT CORP dba
SHILO RESTAURANT AND LOUNGE,
and EMPLOYER'S REFERENCE
SOURCE NORTHWEST, INC.,

            Defendants.
_____

AIKEN, Chief Judge:

      Plaintiff filed suit against defendants alleging negligent and

willful violations of the Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681, *et seq.*  Defendant Employer's Reference Source

Northwest (ERS) moves for summary judgment against plaintiff's

claims.  The motion is granted.


1    - OPINION AND ORDER

## I.  BACKGROUND

On September 13, 2006, plaintiff was hired by the Shilo defendants (Shilo) as a Banquet Caption.  He soon was offered the position of Banquet Manager, which required a drug test and background investigation.

On September 29, 2006, ERS submitted a background verification report to Shilo.  The report disclosed that plaintiff was charged with failing to register as a sex offender in August 2005, and that the charge was dismissed in September 2005.  According to plaintiff's complaint, the charge was dismissed because of mistaken identity, i.e., plaintiff was not the offender.  ERS did not notify plaintiff that it had submitted a report containing this information to Shilo.

On October 3, 2006, Shilo terminated plaintiff's employment, stating that his work performance did not comply with company standards.  Plaintiff was told by his supervisor that Shilo's corporate headquarters had directed him to terminate plaintiff. Shilo did not inform plaintiff whether it had taken adverse employment action based on the background report submitted by ERS.

On October 3, 2008, plaintiff filed this action alleging violations of the FCRA.  Plaintiff's claims against the Shilo defendants have been resolved, leaving ERS as the sole remaining defendant.  ERS maintains that plaintiff's FCRA claims against it must fail, because ERS reported accurate information.

<u>II.  STANDARD</u>

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Substantive law on an issue determines the materiality of a fact.  <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987).  Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial.  <u>Id.</u> at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  <u>T.W. Elec</u>, 809 F.2d at 630.

///

III.  DISCUSSION

Plaintiff alleges that ERS willfully and negligently violated the FCRA by failing to ensure the accuracy of his background report and failing to notify plaintiff that it had submitted a background report to Shilo.

Under the FCRA, a "consumer reporting agency" must follow "reasonable procedures to assure maximum possible accuracy of [consumer] information." 15 U.S.C. § 1681e(b).  To sustain a claim under § 1681e(b), a plaintiff must make a "prima facie showing of inaccurate reporting." Dennis v. BEH-1, LLC, 520 F.3d 1066, 1069 (9th Cir. 2008); Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information.").    Even if inaccurate information is reported, a consumer reporting agency may avoid liability if it followed "reasonable procedures to assure maximum possible accuracy," but nonetheless included inaccurate information in a consumer report. Guimond, 45 F.3d at 1333.

ERS concedes that it is a consumer reporting agency for purposes of the FCRA, because it assembled a background report for use in establishing plaintiff's eligibility for employment and submitted the report to plaintiff's employer. 15 U.S.C. § 1681a. However, ERS argues that plaintiff's claim under § 1681e(b) cannot

4    - OPINION AND ORDER

survive, because the background report ERS submitted accurately disclosed that plaintiff was charged with failing to register as a sex offender on August 16, 2005, and that the charge was dismissed on September 20, 2005.

Plaintiff responds that he has yet to obtain discovery from ERS and requests a continuance of the motion under Federal Rule of Civil Procedure 56(f). However, plaintiff fails to identify what discovery is necessary to respond to ERS's motion, and I discern none. The crux of ERS's argument is that plaintiff fails to establish a prima facie showing of inaccurate reporting. Plaintiff does not contest the accuracy of the information reported by ERS; instead, plaintiff alleges that ERS failed to conduct a follow-up inquiry to discover that the charge against plaintiff was dismissed based on mistaken identity. <u>See</u> Second Amended Complaint, ¶¶ 9,15. Thus, to successfully contest ERS's motion, plaintiff must present legal authority to support his claim that ERS was required to investigate and report the reason for dismissal of the charge. Therefore, additional discovery is not required, and I deny plaintiff's request for continuance.

It is undisputed that the report submitted by ERS contained accurate information, and plaintiff fails to cite any legal authority that would require ERS to investigate further. <u>Williams v. Colonial Bank</u>, 826 F. Supp. 415, 418 (M.D. Ala. 1993) (no duty to reinvestigate where "the credit report accurately reflected the

status of the information contained in the public records") (cited with approval in Dennis, 520 F.3d at 1069).  Therefore, plaintiff fails to make a prima facie showing of inaccurate reporting, and summary judgment on plaintiff's § 1681e(b) claims is granted.

Plaintiff also alleges that ERS negligently failed to comply with § 1681k(a)(1) by failing to notify plaintiff that it submitted a background report containing adverse information to plaintiff's employer.  Section 1681k(a) requires a reporting agency to notify the consumer when a report submitted for employment purposes contains "matters of public record" that "are likely to have an adverse effect upon a consumer's ability to obtain employment."  15 U.S.C. § 1681k(a)(1).  Alternatively, a reporting agency must "maintain strict procedures" to insure that public record information "which is likely to have an adverse effect on a consumer's ability to obtain employment . . . is complete and up to date."  Id. § 1681k(a)(2).

ERS first argues that the background report was not likely to adversely effect plaintiff's ability to obtain employment, because dismissal of the charge was accurately reported.  Given the nature of the charge filed against plaintiff and Shilo's termination of his employment, it is a question of fact whether such information would adversely effect plaintiff's ability to obtain employment so as to trigger the notification requirement.

ERS next argues that notwithstanding the lack of notification,

it obtained plaintiff's criminal history from the Oregon Judicial Information Network (OJIN), which "contains the judgment dockets and official Register of Actions from Oregon state courts . . . ." See http://www.ojd.state.or.us/onlineservices/index.htm. The OJIN website explains that the information is provided from the Oregon Judicial Department database and "does not constitute the official record," which is located at "the court site where the case was filed." See http://www.ojd.state.or.us/ojin/index.htm. Plaintiff suggests that ERS's reliance on OJIN does not represent "strict procedures" to ensure up to date and complete information, because OJIN is not the "official record."[1]

Again, plaintiff does not contest the accuracy of the information ERS obtained from OJIN or present legal authority that a reporting agency may not rely on OJIN. Rather, he argues that report was "incomplete" because it did not provide the reason for dismissal of the charge against him. However, absent a showing that the information obtained from OJIN was inaccurate or incomplete by omitting final disposition of the charge, plaintiff's claim under § 1681k(a) must fail. See 15 U.S.C. § 1681k(a)(2) ("items of public record . . . shall be considered up to date if the current public record status of the item at the time of the report is reported"); Henson v. CSC Credit Servs., 29 F.3d 280, 285

---

[1]Notably, plaintiff does not present evidence from the "official record" that reflects the charge against him was dismissed on grounds of mistaken identity.

(7th Cir. 1994) (holding that a "credit reporting agency is not liable under the FCRA for reporting inaccurate information obtained from a court's Judgment Docket, absent prior notice from the consumer that the information may be inaccurate"); <u>Obabueki v. Choicepoint, Inc.</u>, 236 F. Supp. 2d 278, 283-84 (S.D.N.Y. 2002) (finding no error in credit report that included conviction later dismissed because "the record of the conviction still existed and was publicly available" when the report was prepared and "a finding that there is no liability for the disclosure of publicly available records is more consistent with the FCRA's principles of truthful reporting").

<u>CONCLUSION</u>

For the reasons explained above, defendant ERS's Motion for Summary Judgment (doc. 34) is GRANTED.

IT IS SO ORDERED.

Dated this   24   day of July, 2009.


                    /s/ Ann Aiken
                      Ann Aiken
        Chief United States District Court Judge




8   - OPINION AND ORDER